# EXHIBIT A

 An official website of the United States government   Here's how you know

## Public Access to Court Electronic Records

MENU

Home    Privacy

# Privacy

Thank you for visiting pacer.uscourts.gov. Please find the privacy and security policies for pacer.uscourts.gov and the electronic public access applications.

## Policy for pacer.uscourts.gov

### Information Routinely Collected and Stored

Our privacy policy outlines the types of information we collect when you visit our site and how such information will be used. This policy applies only to the pacer.uscourts.gov website and not related applications, such as PACER, PACER Case Locator, or CM/ECF.

If you visit pacer.uscourts.gov to view or download information, we collect and store the following information:

- The name of the domain from which you accessed the internet, such as a web search engine.

- The IP address from which you accessed the website. An IP address is a number automatically assigned to your computer whenever you are accessing the internet.

- The date and time you accessed our site.



5

Listen to This Page

- The type of browser and operating system used to access the pacer.uscourts.gov site.

- The pages you visit.

- If you visit pacer.uscourts.gov by clicking on a link from another website, the address of the referral site.

This information is used solely for the purpose of evaluating and maintaining our site and is not used for associating search terms or patterns of site navigation with individual users. From this information, we learn what users like and need; what kind of technology they are using; how often they visit; and other valuable information that helps us to offer our visitors the best site possible. Pacer.uscourts.gov may anonymize and provide this information to third party entities for the purposes of research analysis.

## Information You Provide

If you choose to provide us with personal information to be added to an email list, submit information through our Contact Us page, or submit feedback on the website, it will be used only for the purpose(s) you state. We collect such information only to respond to your requests or improve the website. We do not share that information with others, and we do not collect information for commercial marketing.

## Security Notice

For site security purposes and to ensure that this service remains available to all users, this government computer system employs software programs to monitor network traffic to identify unauthorized attempts to upload or change information, or otherwise cause damage.

Anyone using this system expressly consents to such monitoring and is advised that if such monitoring reveals evidence of possible abuse or criminal activity, such evidence may be provided to appropriate law enforcement officials.

Unauthorized attempts to upload or change information on this server are strictly prohibited and may be punishable by law, including the Computer Fraud and Abuse Act of 1986 and the National Information Infrastructure Protection Act of 1996.

If you have any questions or concerns, please contact us.

# Policy for Electronic Public Access Applications

Protecting our users' personal information is important. This privacy policy applies when you visit or use our applications, which include PACER registration, Manage My Account, PACER Login, and the PACER Case Locator. We collect and store the following information:

- The name of the domain from which you access the Internet.

- The date and time you access our site.

We will not give, sell or transfer any personal information to third parties, except in the following cases:

- To secure payment of delinquent fees, we may transmit identifying information to a collection agency;

- If compelled by law;

- If you direct us to do so; and

- In other legally limited circumstances (for example, to protect your account from fraud).

For site management, information is collected for statistical purposes, such as assessing the number of visitors to the different sections of our site, identifying what information is of most and least interest, determining technical design specifications, and identifying system performance or problem areas. This information will be kept confidential.

You also may decide to send us personal identifying information—your mailing address, for example—in a request for information. Information collected in this manner is used solely for responding to the request for information. We will never ask you to send you PACER password to us in an email, and you should never reply to an electronic mail message that asks for this information.

For billing purposes, when you access court documents, we keep track of basic information about each transaction. This includes the account, court, document type, search criteria, case number, time, date and number of pages. We also use session cookies to identify users. We will not provide this information to anyone, except for in the situations set out above.

If you pay by check, your check will be converted from a paper transaction to an electronic funds transfer in most cases. The conversion will be made by our authorized financial institution, in cooperation with the U.S. Department of Treasury, which contains information on negative check information or failed Automated Clearing House (ACH) debit entry transactions for certain checks that have been presented electronically to Federal agencies. Federal agencies will have access to check verification databases to determine the validity and/or check writing history of the payor. Financial Management Service will not disclose information from the Master Verification for purposes of check verification. Information may be used for law enforcement purposes and for other routine uses, such as systems development (See 68 Fed Reg. 5691 (2003) for a complete list of possible uses). Making payment by check is voluntary but a decision not to do so will require you to make payment by some other method.

Any attempt to collect data from PACER in a manner which avoids billing is strictly prohibited and may result in criminal prosecution or civil action. PACER privileges will be terminated if, in the judgment of judiciary personnel, they are being misused. Misuse includes, but is not limited to, using an automated process to repeatedly access those portions of the PACER application that do not assess a fee (i.e. calendar events report or case

header information) for purposes of collecting case information). PACER account usage will be monitored for inappropriate use.

## Security Policy

To identify unauthorized attempts to upload or change information, or otherwise cause damage, this Official United States Government System employs software programs to monitor network traffic. Unauthorized attempts to upload or change information stored on this system may result in criminal prosecution.

To avoid unauthorized use of any our services or applications, we recommend that you do not leave your terminal unattended after logging into any of our services or applications. If you must leave your terminal unattended, close your open browsers. We also recommend not bookmarking pages past the login screen of any of our applications and using a password-protected screen saver.

About Us                        Announcements

Policy & Procedures             Developer Resources

Privacy                         Contact Us



This site is maintained by the Administrative Office of the U.S. Courts on behalf of the federal Judiciary. The purpose of this site is to provide information about locating and filing cases in the federal courts.

## PACER Service Center

(800) 676-6856
pacer@psc.uscourts.gov

# EXHIBIT B

https://www.gov.ca.gov/



Conditions of Use     Privacy Policy     Accessibility     Website Certification     Sitemap

Powered by: CAWeb Publishing Service     © Copyright 2024

# EXHIBIT C



# EXHIBIT D



# EXHIBIT E



# EXHIBIT F





# EXHIBIT G

2015 CA A.B. 929 (NS)

2015 California Assembly Bill No. 929, California 2015-2016 Regular Session

CALIFORNIA COMMITTEE REPORT

VERSION: General
June 15, 2015
Version Date June 15, 2015
Chau.

**TEXT:**

BILL ANALYSIS

SENATE COMMITTEE ON PUBLIC SAFETY Senator Loni Hancock, Chair 2015 - 2016 Regular

Bill No: AB 929 Hearing Date: June 16, 2015

-------------------------------------------------------------- |Author: |Chau | |----------+------------------------------------------------------- -| |Version: |June 4, 2015 | ------------------------------------------------------- ----------------------------------------------------------- ----------- |Urgency: |No |Fiscal: |Yes ------------------------------------------------------------- ------------------------------------------- -------------------------- |Consultant:|MK | | | | ----------------------------------------------------------------

Subject: Pen Registers: Authorized Use

HISTORY

Source: Los Angeles County District Attorney's Office Los Angeles County Sheriff's Department

Prior Legislation:None

Support: The Association for Los Angeles Deputy Sheriffs; California Civil Liberties Advocacy; California District Attorneys Association; The California Peace Officers' Association; The California Police Chiefs Association; California State Lodge, Fraternal Order of Police; California State Sheriffs' Association; California Statewide Law Enforcement Association; Long Beach Police Officers Association; Los Angeles County Professional Peace Officers Association; The Los Angeles Police Protective League; The Riverside Sheriffs Association; Sacramento County Deputy Sheriffs' Association; Santa Ana Police Officers Association

Opposition:None known

Assembly Floor Vote: 77 - 0 of ?

See Comment 5 for Amendments to be proposed in Committee

PURPOSE

The purpose of this bill is to authorize state and local law enforcement to use pen register and trap and trace devices under state law, and to permit the issuance of emergency pen registers and trap and trace devices.

Existing Constitutional law provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. (U.S. Constitution 4th Amend.; California Constitution art. I, 13.)

Existing federal law provides that, except as provided, no person may install or use a pen register or a trap and trace device without first obtaining a court order under section 3123 of this title [18 USCS 3123] or under the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. 1801 et seq.). (18 USCS 3121.) The prohibition does not apply with respect to the use of a pen register or a trap and trace device by a provider of electronic or wire communication service relating to the operation, maintenance, and testing of a wire or electronic communication service or to the protection of the rights or property of such provider, or to the protection of users of that service from abuse of service or unlawful use of service; or to record the fact that a wire or electronic communication was initiated or completed in order to protect such provider, another provider furnishing service toward the completion of the wire communication, or a user of that service, from fraudulent, unlawful or abusive use of service; or where the consent of the user of that service has been obtained.

A government agency authorized to install and use a pen register or trap and trace device under this chapter (18 USCS 3121 et seq) or under State law shall use of ?

technology reasonably available to it that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information utilized in the processing and transmitting of wire or electronic communications so as not to include the contents of any wire or electronic communications. (18 USCS 3121 (c).)

Whoever knowingly violates the prohibition shall be fined under this title or imprisoned not more than one year, or both. . (18 USCS 3121 (a) & (b).)

Existing federal law provides that unless prohibited by state law, a state investigative or law enforcement officer may make application for an order or an extension of an order authorizing or approving the installation and use of a pen register or a trap and trace device under this chapter, in writing under oath or equivalent affirmation, to a court of competent jurisdiction of such state. (18 USCS 3122.)

Existing federal law provides that an attorney for the Government, upon an application, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device anywhere within the United States, if the court finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. The order, upon service of that order, shall apply to any person or entity providing wire or electronic communication service in the United States whose assistance may facilitate the execution of the order. Whenever such an order is served on any person or entity not specifically named in the order, upon request of such person or entity, the attorney for the Government or law enforcement or investigative officer that is serving the order shall provide written or electronic certification that the order applies to the person or entity being served. (18 USCS 3121 (a)(1).)

Existing federal law provides that a state investigative or law enforcement officer, upon an application made as specified, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device within the jurisdiction of the court, if the court finds that the State law of ?

enforcement or investigative officer has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation. (18 USCS 3121 (a)(2).)

Existing federal law provides that where the law enforcement agency implementing an ex parte order under this subsection seeks to do so by installing and using its own pen register or trap and trace device on a packet-switched data network of a provider of electronic communication service to the public, the agency shall ensure that a record will be maintained which will identify: Any officer or officers who installed the device and any officer or officers who accessed the device to obtain information from the network; The date and time the device was installed, the date and time the device was uninstalled, and the date, time, and duration of each time the device is accessed to obtain information; The configuration of the device at the time of its installation and any subsequent modification thereof; and Any information which has been collected by the device. (18 USCS 3121(a)(3).)

Existing federal law provides to the extent that the pen register or trap and trace device can be set automatically to record this information electronically, the record shall be maintained electronically throughout the installation and use of such device. (18 USCS 3121(a)(3).)

Existing federal law states that the record maintained shall be provided ex parte and under seal to the court which entered the ex parte order authorizing the installation and use of the device within 30 days after termination of the order (including any extensions thereof). (18 USCS 3121(a)(3).)

Existing federal law provides that an order issued for installation of a pen register or track and trace device shall include:

The identity, if known, of the person to whom is leased of ?

or in whose name is listed the telephone line or other facility to which the pen register or trap and trace device is to be attached or applied; The identity, if known, of the person who is the subject of the criminal investigation; The attributes of the communications to which the order applies, including the number or other identifier and, if known, the location of the telephone line or other facility to which the pen register or trap and trace device is to be attached or applied, and, in the case of an order authorizing installation and use of a trap and trace device, the geographic limits of the order; and A statement of the offense to which the information likely to be obtained by the pen register or trap and trace device relates; and Shall direct, upon the request of the applicant, the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register or trap and trace device. : (18 USCS 3121(b).)

Existing federal law provides that an order issued under this section shall authorize the installation and use of a pen register or a trap and trace device for a period not to exceed sixty days.

Extensions of such an order may be granted, but only upon an application for an order and upon the judicial finding required as specified. The period of extension shall be for a period not to exceed sixty days.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

Nondisclosure of existence of pen register or a trap and trace device. An order authorizing or approving the installation and use of a pen register or a trap and trace device shall direct that the order be sealed until otherwise ordered by the court; and the person owning or leasing the line or other facility to which the pen register or a trap and trace device is attached, or applied, or who is obligated by the order to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber, or to any other person, unless or until otherwise ordered by the court. (18 USCS 3121c).) of ?

Existing federal law provides that notwithstanding any other provision, any investigative or law enforcement officer, specially designated by the Attorney General, the Deputy Attorney General, the Associate Attorney General, any Assistant Attorney General, any acting Assistant Attorney General, or any Deputy Assistant Attorney General, or by the principal prosecuting attorney of any state or subdivision thereof acting pursuant to a statute of that state, who reasonably determines that:

an emergency situation exists that involves immediate danger of death or serious bodily injury to any person; conspiratorial activities characteristic of organized crime; an immediate threat to a national security interest; or an ongoing attack on a protected computer that constitutes a crime punishable by a term of imprisonment greater than one year; (18 USCS 3125.)

Existing federal law provides that in the absence of an authorizing order, such use shall immediately terminate when the information sought is obtained, when the application for the order is denied or when forty-eight hours have lapsed since the installation of the pen register or trap and trace device, whichever is earlier. (18 USCS 3125.)

Existing law defines a "search warrant" as an order in writing in the name of the People, signed by a magistrate, directed to a peace officer, commanding him or her to search for a person or persons, a thing or things, or personal property, and in the case of a thing or things or personal property, bring the same before the magistrate. (Penal Code 1523.)

Existing law provides that a search warrant may be issued upon any of the following grounds:

1) When the property was stolen or embezzled; 2) When the property or things were used as the means of committing a felony; 3) When the property or things are in the possession of any person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have delivered them for the of ?

purpose of concealing them or preventing them from being discovered; 4) When the property or things to be seized consist of any item or constitute any evidence that tends to show a felony has been committed, or tends to show that a particular person has committed a felony; 5) When the property or things to be seized consist of evidence that tends to show that sexual exploitation of a child, or possession of matter depicting sexual conduct of a person under the age of 18 years, has occurred or is occurring; 6) When there is a warrant to arrest a person; 7) When a provider of electronic communication service or remote computing service has records or evidence, showing that property was stolen or embezzled constituting a misdemeanor, or that property or things are in the possession of any person with the intent to use them as a means of committing a misdemeanor public offense, or in the possession of another to whom he or she may have delivered them for the purpose of concealing them or preventing their discovery; 8) When the property to be seized includes evidence of a violation of specified Labor Code sections; 9) When the property to be seized includes a firearm or deadly weapon or any other deadly weapon at the scene of a domestic violence offense; 10) When the property to be seized includes a firearm or deadly weapon owned by a person apprehended because of his or her mental condition; 11) When the property to be seized is

a firearm in possession of a person prohibited under the family code; 12) When the information to be received from the use of a tracking device under shows a specified violation of the Fish and Game Code or Public Resources Code; 13) When a sample of blood would show evidence of a DUI; or, 14) Starting January 1, 2016, when the property to be seized is a firearm owned by a person subject to a gun violence restraining order. (Penal Code 1524(a).)

Existing law provides that a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person to be searched or searched for, and particularly describing the property, thing, or things and the of ?

place to be searched. (Penal Code, 1525.)

Existing law requires a magistrate to issue a search warrant if he or she is satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence. (Pen. Code, 1528 (a).)

This bill defines "pen register" as a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. "Pen register" does not include a device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider, or a device or process used by a provider or customer of a wire communication service for cost accounting or other similar purposes in the ordinary course of its business.

This bill defines "trap and trace device" as a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication.

This bill provides that in general a person may not install or use a pen register or a trap and trace device without first obtaining a court order. However, a provider of electronic or wire communication service may use a pen register or a trap and trace device for any of the following purposes:

To operate, maintain, and test a wire or electronic communication service. To protect the rights or property of the provider. To protect users of the service from abuse of service or unlawful use of service.

To record the fact that a wire or electronic communication was initiated or completed to protect the provider, another provider furnishing service toward the completion of the wire communication, or a sue of that of ?

service from fraudulent, unlawful or abusive use of service. If the consent of the user of that service has been obtained.

This bill provides that illegally installing a pen register or trap and trace device is a misdemeanor with a fine of up to $2,500 and/or up to one year in prison.

This bill specifies that a peace officer may make an application to a magistrate for an order or an extension of an order authorizing or approving the installation and use of a pen register or a trap and trace device. The application shall be in writing under oath or equivalent affirmation, and shall include the identity of the peace officer making the application and the identity of the law enforcement agency conducting the investigation. The applicant shall certify that the information likely to

be obtained is relevant to an ongoing criminal investigation and shall include a statement of the offense to which the information likely to be obtained by the pen register or trap and trace device relates.

This bill states that the magistrate shall enter an ex parte order authorizing the installation and use of a pen register or a trap and trace device if he or she finds that the information likely to be obtained by the installation and the use of a pen register or a trap and trace device is relevant to an ongoing investigation and the that there is probable cause to believe that the pen register or trap and trace device will lead to any of the following:

Recovery of stolen or embezzled property Property or things used as the means of committing a felony. Property or things in the possession of a person with the intent to use them as a means of committing a public offense, or in the possession of another to whom he or she may have been delivered them for the purpose of concealing them or preventing them from being discovered. Evidence tends to show a felony has been committed or tends to show that a particular person has committed or is committing a felony. Evidence tends to show that sexual exploitation of a of ?

child or possession of a matter depicting the sexual conduct of a person under 18 years of age has occurred or is occurring. The location of a person who is unlawfully restrained or reasonably believed to be a witness in a criminal investigation or for whose arrest there is probable cause. Evidence that tends to show specified Labor Code violations. Evidence that does any of the following" o Tends to show that a felony, a misdemeanor violation of the Fish and Game Code or a misdemeanor violation of the Public Resources Code. o Tends to show that a particular person has committed or is committing a felony, a misdemeanor violation of the Fish and Game Code or a misdemeanor violation of the Public Resources Code. o Will assist in locating an individual who has committed or is committing a felony, a misdemeanor violation of the Fish and Game Code, or a misdemeanor violation of the Public Resources Code.

This bill provides that information acquired solely pursuant to the authority for a pen register or trap and trace device shall not include any information that may disclose the physical location of the subscriber, except to the extent that the location may be determined from the telephone number.

This bill provides that an order issued by a magistrate shall specify all of the following:

The identity, if known, of the person to whom is leased or in whose name is listed the telephone line to which the pen register or trap and trace device is to be attached; The identity, if known, of the person who is the subject of the criminal investigation; The number and, if known, physical location of the telephone line to which the pen register or trap and trace device is to be attached and, in the case of a trap and trace device, the geographic limits of the trap and trace order; A statement of the offense to which the information likely to be obtained by the pen register or trap and trace of ?

device relates; and The order shall direct, if the applicant has requested, the furnishing of information, facilities, and technical assistance necessary to accomplish the installation of the pen register or trap and trace device.

This bill provides that an order issued under this section shall authorize the installation and use of a pen register or a trap and trace device for a period not to exceed 60 days.

This bill provides that extensions of the original order may be granted upon a new application for an order if the officer shows that there is a continued probable cause that the information or items sought under this subdivision are likely to be obtained under the extension. The period of an extension shall not exceed 60 days.

2015 California Assembly Bill No. 929, California..., 2015 California...

This bill provides that the magistrate, before issuing the order, may examine on oath the person seeking the warrant and any witnesses the person may produce, and shall take his or her affidavit or their affidavits in writing, and cause the affidavit or affidavits to be subscribed by the parties making them.

This bill provides that an order or extension order authorizing or approving the installation and use of a pen register or a trap and trace device shall direct that the order be sealed until otherwise ordered by the magistrate who issued the order, or a judge of the superior court, and that the person owning or leasing the line to which the pen register or trap and trace device is attached, or who has been ordered by the court to provide assistance to the applicant, not disclose the existence of the pen register or trap and trace device or the existence of the investigation to the listed subscriber or to any other person, unless or until otherwise ordered by the magistrate or a judge of the superior court.

This bill states that upon the presentation of an order issued by a magistrate for installation of a pen register or trap and trace device, by a peace officer authorized to install and use a pen register, a provider of wire or electronic communication service, landlord, custodian, or other person shall immediately provide the peace officer all information, facilities, and of ?

technical assistance necessary to accomplish the installation of the pen register unobtrusively and with a minimum of interference with the services provided to the party with respect to whom the installation and use is to take place, if the assistance is directed by the order.

This bill provides upon the request of a peace officer authorized to receive the results of a trap and trace device, a provider of a wire or electronic communication service, landlord, custodian, or other person shall immediately install the device on the appropriate line and provide the peace officer all information, facilities, and technical assistance, including installation and operation of the device unobtrusively and with a minimum of interference with the services provided to the party with respect to whom the installation and use is to take place, if the installation and assistance is directed by the order.

This bill states that unless otherwise ordered by the magistrate, the results of the pen register or trap and trace device shall be provided to the peace officer at reasonable intervals during regular business hours for the duration of the order.

This bill provides that the magistrate before issuing the order pursuant may examine on oath the person seeking the pen register or the trap and trace device, and any witnesses the person may produce, and shall take his or her affidavit or their affidavits in writing, and cause the affidavit or affidavits to be subscribed by the parties making them.

This bill provides that except as otherwise provided, upon an oral application by a peace officer, a magistrate may grant oral approval for the installation and use of a pen register or a trap and trace device, without an order, if he or she determines all of the following:

There are grounds upon which an order could be issued under specified normal application for a pen register or trap and trace device. There is probable cause to believe that an emergency situation exists with respect to the investigation of a of ?

crime. There is probable cause to believe that a substantial danger to life or limb exists justifying the authorization for immediate installation and use of a pen register or a trap and trace device before an order authorizing the installation and use can, with due diligence, be submitted and acted upon.

This bill provides that by midnight of the second full court day after the pen register or trap and trace device is installed by oral application, a written application pursuant to Penal Code Section 638.52 shall be submitted by the peace officer who made the oral application to the magistrate who orally approved the installation and use of a pen register or trap and trace device. If an order is issued the order shall also recite the time of the oral approval and shall be retroactive to the time of the original oral approval.

This bill specifies that in the absence of an authorizing order, the use shall immediately terminate when the information sought is obtained, when the application for the order is denied, or by midnight of the second full court day after the pen register or trap and trace device is installed, whichever is earlier.

This bill provides that a provider of a wire or electronic communication service, landlord, custodian, or other person who provides facilities or technical assistance pursuant to this section shall be reasonably compensated by the requesting peace officer's law enforcement agency for the reasonable expenses incurred in providing the facilities and assistance.

RECEIVERSHIP/OVERCROWDING CRISIS AGGRAVATION

For the past eight years, this Committee has scrutinized legislation referred to its jurisdiction for any potential impact on prison overcrowding. Mindful of the United States Supreme Court ruling and federal court orders relating to the state's ability to provide a constitutional level of health care to its inmate population and the related issue of prison overcrowding, this Committee has applied its "ROCA" policy as a of ?

content-neutral, provisional measure necessary to ensure that the Legislature does not erode progress in reducing prison overcrowding.

On February 10, 2014, the federal court ordered California to reduce its in-state adult institution population to 137.5% of design capacity by February 28, 2016, as follows:

143% of design bed capacity by June 30, 2014; 141.5% of design bed capacity by February 28, 2015; and, 137.5% of design bed capacity by February 28, 2016.

In February of this year the administration reported that as "of February 11, 2015, 112,993 inmates were housed in the State's 34 adult institutions, which amounts to 136.6% of design bed capacity, and 8,828 inmates were housed in out-of-state facilities. This current population is now below the court-ordered reduction to 137.5% of design bed capacity."( Defendants' February 2015 Status Report In Response To February 10, 2014 Order, 2:90-cv-00520 KJM DAD PC, 3-Judge Court, Coleman v. Brown, Plata v. Brown (fn. omitted).

While significant gains have been made in reducing the prison population, the state now must stabilize these advances and demonstrate to the federal court that California has in place the "durable solution" to prison overcrowding "consistently demanded" by the court. (Opinion Re: Order Granting in Part and Denying in Part Defendants' Request For Extension of December 31, 2013 Deadline, NO. 2:90-cv-0520 LKK DAD (PC), 3-Judge Court, Coleman v. Brown, Plata v. Brown (2-10-14). The Committee's consideration of bills that may impact the prison population therefore will be informed by the following questions:

Whether a proposal erodes a measure which has contributed to reducing the prison population; Whether a proposal addresses a major area of public safety or criminal activity for which there is no other reasonable, appropriate remedy; Whether a proposal addresses a crime which is directly dangerous to the physical safety of others for which there is no other reasonably appropriate sanction; Whether a proposal corrects a constitutional problem or legislative drafting error; and Whether a proposal proposes penalties which are of ?

proportionate, and cannot be achieved through any other reasonably appropriate remedy.

COMMENTS

1. Need for This Bill

According to the author:

As technology advances, criminals are becoming more and more sophisticated in their use of technology to commit crimes and avoid law enforcement. As a result, law enforcement officials have a variety of electronic tools to counter this and help them apprehend criminals in this age of rapidly changing technology.

One of the tools available to law enforcement is called a "pen register" which allows law enforcement officers to record all outgoing numbers from a particular telephone line. In addition, another tool law enforcement uses is called a "trap and trace device" which allows them to record what numbers have called a specific telephone line, i.e. all incoming phone numbers. Both pen registers and trap and trace devices do not record audio or text messages and cannot be used to obtain real-time location data on a cellular telephone. But these tools are extremely useful for law enforcement in situations such as gang and narcotic investigations.

Federal law (18 USC 3123(a)(1)) allows law enforcement agencies to use pen register and trap and trace devices, but they must obtain a court order from a judge prior to the installation of the device. However, during an emergency situation, they may use these devices without a court order if they obtain the court order within 48 hours of the use of the device. Law enforcement agencies must demonstrate that there is reasonable suspicion that the use of the device is relevant to an ongoing criminal investigation and will lead to obtaining evidence of a crime for a judge to authorize the use. Though federal law authorizes states and local law enforcement officers to use pen register and trap and trace devices by obtaining a court order first, it does not allow them to obtain an emergency order unless there is a state statute authorizing and creating a process for states and local law enforcement officers to do so.

of ?

AB 929 would authorize state and local law enforcement officers to use pen register and trap and trace devices, including during emergency situations. This bill would authorize a judge to issue a court order to install a pen register/trap and trace device upon finding that the use of a pen register/trap and trace device is relevant to an ongoing criminal investigation, and that there is probable cause to believe that the pen register or trap and trace device will lead to obtaining evidence of a crime.

This higher standard of proof (probable cause vs. reasonable suspicion) is more restrictive than under federal law and is more consistent with California law governing search warrants. The bill would prohibit the installation and use of the device for longer than 60 days, but would permit an extension if there is proof of continuing probable cause to a judge.

2. Background on Pen Registers

Federal law allows law enforcement agencies to use pen register and trap and trace devices, but they must obtain a court order from a judge prior to the installation of the device. However, during an emergency situation, law enforcement agencies may use these devices without a court order if they obtain the court order within 48 hours of the use of the device. Law enforcement agencies must demonstrate that there is reasonable suspicion that the use of the device is relevant to an ongoing criminal investigation and will lead to obtaining evidence of a crime for a judge to authorize the use.

Though federal law authorizes states and local law enforcement officers to use pen registers and trap and trace devices by obtaining a court order first, it does not allow them to obtain an emergency order unless there is a state statute authorizing and creating a process for states and local law enforcement officers to do so. To date, California does not have a state statute authorizing the use of pen registers or trap and trace devices.

Pen registers and track and trace devices generally track incoming and outgoing telephone calls. They are often utilized by law enforcement to track which people in an investigation are communicating with one another and at what times. Unlike a of ?

wiretap authorization, pen registers and track and trace devices do not provide law enforcement with the content of the messages which are transmitted. Wiretap authorizations are therefore subject to a much higher standard of scrutiny than the orders contained within this bill. Under federal law, these authorizations can be granted on a reasonable suspicion standard, while search warrants are subject to a higher standard of probable cause.

3. Installation of a Pen Register or Trap and Trace Device Upon a Showing of Probable Cause

This bill generally prohibits a person from installing or using a pen register or trap and trace device except by court order or by the provider of electronic or wire communication under specified circumstances.

Under this bill, a peace officer may make an application to a magistrate for an order authorizing the installation and use of a pen register or a trap and trace device under specified circumstances. The application shall be in writing under oath. The applicant shall certify that the information likely to be obtained is relevant to an ongoing criminal investigation and shall include a statement of the offense to which the information likely be obtained by the pent register or trap and trace device.

Though the federal standard for the issuance of a pen register or a trap and trace device is "reasonable suspicion" California law arguably requires a higher "probable cause" standard. (86 Ops.Cal.Atty.Gen 198 (2003).) In 2003, the California Attorney General's Office issued an opinion concluding that the "federal statutes governing the installation of pen registers and trap and trace devices do not provide authority for issuance of a state court order permitting a state law enforcement officer to install or use pen registers and trap and trace devices" because the federal pen register statute requires less than probable cause. (86 Ops.Cal.Att.Gen 198 (2003).) This bill imposes the probable cause standard and is therefore compliant with both state and federal law.

4. Support of ?

The sponsor of this bill, the Los Angeles County District Attorney's Office states:

Under federal law, law enforcement agencies must obtain a court order from a judge prior to the installation of a pen register or trap and trace device. According to Section 3123(a)(1) of Title 18 of the United States Code, the court shall enter an ex parte order authorizing the installation and use of a pen register or trap and trace device anywhere within the United States, if the court (state or federal) finds that the attorney for the Government has certified to the court that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation.

Once obtained, a pen register or trap and trace device order cannot exceed 60 days in duration. As opposed to a wiretap, a pen register/trap and trace device only records the numbers dialed to or from a particular phone number. It does not record audio or text messages, and cannot be used to obtain real-time location data on a cellular telephone. (47 U.S.C. 1002(a)(2)(B).)

Section 3125 of Title 18 of the United States Code authorizes the installation and use of a pen register/trap and trace device for 48 hours without a court order if an emergency situation exists, including one that involves "immediate danger of death or serious bodily injury to any person." An emergency order can be obtained if grounds exist to obtain a written order, but the emergency situation requires the installation and use of a pen register or a trap and trace device before an order authorizing such installation and use can, with due diligence, be obtained. Within 48 hours after the installation has occurred, or begins to occur, an order approving the installation or use in accordance with section 3123 must be obtained.

Section 3125 of Title 18 of the United States Code authorizes any investigative or law enforcement officer, specially designated by enumerated prosecutorial agencies, to obtain an emergency pen of ?

register/trap and trace device. However, there is no enabling statute in California that allows California District Attorneys to utilize section 3125.

Emergency/warrantless pen registers are lawful in only six states (AL, FL, GA, IA, TX, and WA) which possess emergency state statutes in accordance with section 3125. Notwithstanding, some law enforcement agencies in the remaining 44 states utilize warrantless emergency declarations. The result is that the requesting agency will unlawfully receive pen register or trap and trace data. This is a misdemeanor under federal law (18 U.S.C. 3121). The individuals who improperly access the information may incur civil liability.

Assembly Bill 929 would authorize state and local law enforcement officers to use pen register and trap and trace devices under state law. AB 929 would also authorize the issuance of emergency pen registers and trap and trace devices. Under the provisions of AB 929 a California court could issue a court order authorizing the use of a pen register and/or a trap and trace device upon a showing of probable cause which is a higher standard than the reasonable suspicion standard required under federal law.

In 2003, the CA Attorney General's Office issued an opinion concluding that the "federal statutes governing the installation of pen registers and trap and trace devices do not provide authority for issuance of a state court order permitting a state law enforcement officer to install or use pen registers and trap and trace devices" because the federal pen register statute requires

less than probable cause. (86 Ops.Cal.Att.Gen 198 (2003).) Our office's 2013 Search Warrant Manual cites this opinion and advises state law enforcement officers to establish probable cause in the affidavit seeking the installation or use of a pen register under the applicable federal statute.

AB 929 would create a comprehensive pen register/ trap and trace device statute in the Penal Code to cover all requests for pen registers and trap and trace devices in California, including emergency pen registers.

of ?

5. Author's amendments to be offered in Committee.

The author will be offering the following amendments to address some issues raised by the ACLU:

Amendment #1 On page 4, line 19 delete the (1)

Amendment #2 On page 5, delete lines 29-38.

Amendment #3 On page 8, delete line 5

-- END -

2015 CA A.B. 929 (NS)

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2015 CA A.B. 929 (NS)
2015 California Assembly Bill No. 929, California 2015-2016 Regular Session

CALIFORNIA COMMITTEE REPORT

VERSION: General
July 08, 2015
Version Date July 08, 2015
Chau.

**TEXT:**

BILL ANALYSIS

AB 929

Page 1

CONCURRENCE IN SENATE AMENDMENTS

AB 929 (Chau)

As Amended June 17, 2015

Majority vote

-------------------------------------------------------------------- |ASSEMBLY: |77-0 |(May 7, 2015) |SENATE: |39-0 |(July 6, 2015) | | | | | | | | | | | | | | --------------------------------------------------------------------

Original Committee Reference: PUB. S.

SUMMARY: Authorizes state and local law enforcement to use pen register and trap and trace devices under state law, and permits the issuance of emergency pen registers and trap and trace devices.

The Senate amendments make technical, non-substantive amendments to the bill.

EXISTING FEDERAL LAW:

1)Provides that the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

AB 929

Page 2

2)Provides, except as provided, no person may install or use a pen register or a trap and trace device without first obtaining a court order under Section 3123 of this title [18 United States Code (U.S.C.) Section 3123] or under the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. Section 1801 et seq.).

3)Provides that unless prohibited by state law, a state investigative or law enforcement officer may make application for an order or an extension of an order authorizing or approving the installation and use of a pen register or a trap and trace device under this chapter, in writing under oath or equivalent affirmation, to a court of competent jurisdiction of such state.

EXISTING STATE LAW:

1)Provides that a search warrant cannot be issued but upon probable cause, supported by affidavit, naming or describing the person to be searched or searched for, and particularly describing the property, thing, or things and the place to be searched.

2)Requires a magistrate to issue a search warrant if he or she is satisfied of the existence of the grounds of the application or that there is probable cause to believe their existence.

AS PASSED BY THE ASSEMBLY:

1)Defined "pen register" as a device or process that records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, but not the contents of a communication. "Pen register" does not include a device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such

AB 929

Page 3 provider, or a device or process used by a provider or customer of a wire communication service for cost accounting or other similar purposes in the ordinary course of its business.

2)Defined "trap and trace device" means a device or process that captures the incoming electronic or other impulses that identify the originating number or other dialing, routing, addressing, or signaling information reasonably likely to identify the source of a wire or electronic communication, but not the contents of a communication.

3)Specified the offenses for which an order for installation of a pen register of a trap and trace device may be granted, as specified here for:

4)Provided, except as specified, a person may not install or use a pen register or a trap and trace device without first obtaining a court order, as specified.

5)Provided that extensions of the original order may be granted upon a new application for an order if the officer shows that there is a continued probable cause that the information or items sought under this subdivision are likely to be obtained under the extension. The period of an extension shall not exceed 60 days.

6)Provided that except as otherwise provided, upon an oral application by a peace officer, a magistrate may grant oral approval for the installation and use of a pen register or a trap and trace device, without an order, if he or she determines all of the following:

a) There are grounds upon which an order could be issued under specified normal application for a pen register or trap and trace device.

AB 929

Page 4 b) There is probable cause to believe that an emergency situation exists with respect to the investigation of a crime.

c) There is probable cause to believe that a substantial danger to life or limb exists justifying the authorization for immediate installation and use of a pen register or a trap and trace device before an order authorizing the installation and use can, with due diligence, be submitted and acted upon.

7)Provided that by midnight of the second full court day after the pen register or trap and trace device is installed by oral application, a written application pursuant to Penal Code Section 638.52 shall be submitted by the peace officer who made the oral application to the magistrate who orally approved the installation and use of a pen register or trap and trace device. If an order is issued pursuant to Penal Code Section 638.52, the order shall also recite the time of the oral approval and shall be retroactive to the time of the original oral approval. FISCAL EFFECT: According to the Senate Appropriations Committee, pursuant to Senate Rule 28.8, negligible state costs.

COMMENTS: According to the author, "As technology advances, criminals are becoming more and more sophisticated in their use of technology to commit crimes and avoid law enforcement. As a result, law enforcement officials have a variety of electronic tools to counter this and help them apprehend criminals in this age of rapidly changing technology.

"One of the tools available to law enforcement is called a 'pen register' which allows law enforcement officers to record all outgoing numbers from a particular telephone line. In addition, another tool law enforcement uses is called a 'trap and trace device' which allows them to record what numbers have called a specific telephone line, i.e. all incoming phone numbers. Both pen registers and trap and trace devices do not record audio or

AB 929

Page 5 text messages and cannot be used to obtain real-time location data on a cellular telephone. But these tools are extremely useful for law enforcement in situations such as gang and narcotic investigations.

"AB 929 would authorize state and local law enforcement officers to use pen register and trap and trace devices, including during emergency situations. The bill will require law enforcement officers to obtain a court order before using such devices by providing a judge with information that the use of information is relevant to an ongoing criminal investigation, and that there is probable cause to believe that the pen register or trap and trace device will lead to obtaining evidence of a crime.

"This higher standard of proof (probable cause vs. reasonable suspicion) is more restrictive than under federal law and is more consistent with California law governing search warrants. The bill would prohibit the installation and use of the device for longer than 60 days, but would permit an extension if there is proof of continuing probable cause to a judge. "

Analysis Prepared by: Gabriel Caswell / PUB. S. / (916) 319-3744 FN: 0001097

2015 CA A.B. 929 (NS)

**End of Document**
© 2024 Thomson Reuters. No claim to original U.S. Government Works.